89 F.3d 845
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Robert HAYES, Petitioner-Appellant,
v.
Teresa ROCHA, Acting Warden, Old Folsom State Prison; James
Gomez, Respondents-Appellees.
 No. 95-15908.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 3, 1996.*
Decided May 1, 1996.
 
 Before: SNEED, SKOPIL, and FERGUSON, Senior Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner William Robert Hayes appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, challenging his 1990 convictions for second degree murder and personal use of a firearm. Hayes contends the district court erred when it: (1) refused to consider declarations from jurors who convicted Hayes; and (2) determined he was not deprived of due process when the state trial court failed to give an additional jury instruction on aiding and abetting. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review a denial of a petition for writ of habeas corpus de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). A district court's evidentiary rulings are reviewed for abuse of discretion. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995).
 
 A. Admissibility of Juror Declarations
 
 4
 The admissibility of post-verdict juror testimony is controlled by Federal Rule of Evidence 606(b): "[A] juror may not testify as to ... the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict ... or concerning the juror's mental processes in connection therewith...." Fed.R.Evid. 606(b). This rule applies to petitions for habeas corpus from state court prisoners. See Fed.R.Evid. 1101(e).
 
 
 5
 It is well established that jurors may not impeach their own verdict. Tanner v. United States, 483 U.S. 107, 117-127 (1987); Hard v. Burlington N. R.R. Co., 870 F.2d 1454, 1460-1461 (9th Cir.1989). Accordingly, "[e]vidence concerning a jury's deliberations or a juror's reasoning is inadmissible to impeach a verdict." United States v. Rohrer, 708 F.2d 429, 434 (9th Cir.1983) (finding affidavits regarding jurors' individual or collective thought processes inadmissible under Rule 606(b)). Moreover, jurors "may not be questioned about the deliberative process ... nor can such information be considered by the trial or appellate courts." United States v. Bagnariol, 665 F.2d 877, 884-85 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982).
 
 
 6
 Here, the proffered juror declarations recite the beliefs of the jurors, the basis for their verdict, and the mental processes involved in reaching the ultimate verdict of guilty. Thus, the district court did not abuse its discretion in determining that the juror declarations offered by Hayes were barred by Fed.R.Evid. 606(b). See Fed.R.Evid. 606(b); Bagnariol, 665 F.2d at 884-85.
 
 B. Due Process Violation
 
 7
 Hayes relies upon the inadmissible juror declarations to support his contention that a due process violation occurred when the trial court failed to give, sua sponte, an additional jury instruction on aiding and abetting liability. Absent the declarations, however, there is no evidence in the record indicating that Hayes was found guilty as an aider and abettor. The jury rendered a general verdict of guilty for the crime of second degree murder, and additionally convicted Hayes of the personal use of a firearm (shotgun) in the commission of the crime. As noted by both the district court and the California Court of Appeal, the jury's finding that Hayes used a firearm in the commission of the murder all but precludes any reasonable possibility that Hayes was convicted as an aider and abettor.
 
 
 8
 Hayes cannot meet the burden of establishing a due process violation. In light of the evidence presented at trial and the additional firearm conviction, the trial court's failure to instruct the jury on an additional aiding and abetting charge cannot be said to have so infected the entire trial that Hayes's conviction violates due process. See Estelle v. McGuire, 502 U.S. 62, 72 (1991).
 
 
 9
 Accordingly, the district court did not err in denying Hayes's petition for a writ of habeas corpus.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3